GEORGE W. KEMP, Respondent, v. SCHOOL DISTRICT OF THE CITY OF SEDALIA, Appellant.

Kansas City Court of Appeals, June 11, 1900.

1. **Schools: CONTRACTS: PLEADING: EVIDENCE: CHANGING THEORY.** In an action to recover on a contract for improving a schoolhouse where the defense by its answer and evidence presents the theory that there was a valid contract with an attempt to rescind the same; the defendant can not afterwards raise the question of the invalidity of the contract by reason of the statute requiring duplicate contracts.

2. ———: ———: **NEGLECT OF AGENTS: VALIDITY OF ACTION.** A school district can not escape liability of a contract on the ground of the neglect of its agents, at the time of letting, in not presenting a lower bid since the board could legally make the contract even though the lower bid had been before it.

Appeal from the Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

AFFIRMED.

*Charles E. Yeater* for appellant.

(1) The court should have permitted defendant to show the action taken to rescind the award because it would

have appeared therefrom that no contract, in writing, including the consideration, and dated when made, and duly subscribed by the parties thereto, was ever entered into after the award, and that in consequence the plaintiff had no contract whatever with the school district. R. S. 1889, sec. 3157; Furn. Co. v. School Dist., 51 Mo. App. 549; Taylor v. School District, 60 Mo. App. 372. (2) Assuming the existence of a legal contract, as the same was made under the mutual mistake that Kemp was the lowest bidder, the district had a right to rescind, and the oversight of the secretary of the school board does not change the rule. Jeremy, Eq. Jur., 140; Bispham's Prin. Eq., sec. 190; Lyle v. Shinnebarger, 17 Mo. App. 75, 76; Griffith v. Townley, 69 Mo. 17, 18, 19; Hurd v. Hall, 12 Wis. 138; Devine v. Edwards, 87 Ill. 177. (3) It is against public policy to permit an advantage to be taken of any mistake of a public officer, when such advantage shall result in causing the public funds to suffer. Morrow v. Surber, 97 Mo. 161.

*Barnett & Barnett* for respondent.

(1) There was no complaint at the trial below that the contract in question was not in writing under section 3157, Revised Statutes of 1889, or that said contract was invalid because of a failure to comply with said section. A case can not be tried on one theory in the court below and reviewed on another theory by the appellate court. Trigg v. Taylor, 27 Mo. 245; Walker v. Owen, 79 Mo. 563; Brooks v. Yocum, 42 Mo. App. 516; Birge v. Bock, 44 Mo. App. 69; Tomlinson v. Ellison, 104 Mo. 105; Harte v. Leete, 104 Mo. 315; Witascheck v. Glass, 46 Mo. App. 209; Garst v. Good, 50 Mo. App. 149; Mantz v. Mcguire, 52 Mo. App. 136; Cody v. Vaughan, 53 Mo. App. 169; Querback v. Arnold, 55 Mo. App. 286; Harper v. Morse, 114 Mo. 317; Scott v. Nevada, 56 Mo. App. 189; Jennings v. Dunham,

60 Mo. App. 635; Bray v. Seligman, 75 Mo. 31; Springfield, etc., v. Glazier, 65 Mo. App. 616. (2) A contract which may be rescinded on account of mistake is a subsisting contract until rescinded. Hence defendant by seeking to rescind concedes the existence of a valid contract and can not be heard to say that it was void *ab initio* on account of not being in writing. See Bispham's Principles of Equity, sec. 472, p. 521. (3) Assuming the existence of a legal contract, the same could not be rescinded without the consent of both parties. If the contract is made, then the rescission would be a new contract which could not be affected without the consent of both parties. There is no allegation of fraud in this case. The defendant seeks to annul and cancel this contract on the ground of mistake. Before this can be done the mistake must be mutual, material and not induced by the negligence of defendant. 15 Am. and Eng. Ency. of Law [1 Ed.], p. 645, sec. 5; Bispham's Principles of Equity, sec. 191, p. 247, and authorities cited under note three. See, also, secs. 175 and 190, of Bispham; Dambman v. Schulting, 75 N. Y. 55; Webster v. Stark, 10 Lea (Tenn.) 406; Anderson v. Schools, 122 Mo. 61.

ELLISON, J.—The defendant school district, desiring to have some cement work done about its school building, invited bids according to certain specifications. The plaintiff and one Votgs were the bidders and the plaintiff was awarded the contract on July 9, at his bid. He began some of the work, when he was notified by some member of the board of directors that the contract would be rescinded, and on August 8 thereafter it was ordered to be rescinded by action of the board. The work was then let to Votgs and plaintiff prevented from completing it. He brought this action for the work he had done and for the profit which he

would have made. He recovered the amount of his account.

Defendant claims that the bid made by Votgs was forgotten and overlooked when the contract was let. That it was a lower bid than plaintiff's but was not considered. There is no pretense that plaintiff knew this. The court ruled that under the pleadings the only defense to be made was on the question of the amount of the damages claimed.

The defendant contends that it should have been allowed to introduce its evidence since it would have been disclosed there was no legal contract between plaintiff and defendant under the terms of section 3157, Revised Statutes 1889, requiring contracts with municipalities and school districts to be executed in duplicate. But in a somewhat extended offer of evidence the objection now made of a noncompliance with that statute was not mentioned, and the whole case, beginning with the answer, is on the theory that there was a valid contract; and the evidence shows that defendant attempted to rescind the contract. In our opinion, the trial court properly construed the answer, taken in its entirety, as a concession of a valid contract.

This only leaves the question whether defendant can on account of the neglect of one of its agents, annul, at its own will, a contract which it was authorized to make with another who was innocent of all fault, and escape a liability in damages. We think it can not. This contract was one it could legally make and even though the other bid had not been forgotten and was lower than plaintiff's, still the board may have many proper considerations for preferring plaintiff's bid.

We are satisfied with the ruling of the trial court and the judgment is affirmed. *Smith, P. J.,* concurs; *Gill, J.,* absent.